Douglas Cygnar *et al.*, Plaintiffs-Appellees, *v.* Anthony R. Martin-Trigona, Defendant-Appellant.

(No. 12555;

Fourth District—March 20, 1975.

Anthony R. Martin-Trigona, *pro se.*

No appearance for appellees.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

On February 7, 1974, the defendant filed a notice of appeal in the circuit court of Champaign County. That notice of appeal omitting the caption reads as follows:

"Defendant-Appellant Anthony R. Martin-Trigona appeals from the order of the circuit court entered on Feb. 7, 1974 denying a preliminary injunction against further participation by Richard Mills in the cause, pursuant to Illinois Supreme Court Rule 307.

Appellant asks that the order of the court be reversed and that an injunction writ issue enjoining participation by Richard Mills as prayed."

The record filed in this court, briefly summarized, shows the following: On November 20, 1972, a complaint was filed by four named plaintiffs against the defendant, alleging the existence of a lease, the payment by the plaintiffs to the defendant of $140 as a security deposit, the termination of the lease according to its terms and conditions, and a demand for, and refusal to, return the security deposit. The plaintiffs sought the security deposit as actual damages, punitive damages, and attorney's fees. The record then shows summons and service on the defendant; on December 15, 1972, the filing by the defendant of a motion to transfer from the circuit court of Champaign County to the circuit court of Cook County; a purported "notice of harassment" by an officer of the court, a motion to remove all judges of the circuit court of Champaign County, making certain allegations with reference to said judges. The next item shown in the record is an entry by Judge Robert J. Immel, a judge of the twelfth circuit, indicating that it was necessary that he take disciplinary action against the defendant in another cause and therefore he disqualified himself from participation in this cause. In

connection with this portion of the record, we take judicial notice that Champaign County is in the sixth judicial circuit and Judge Robert J. Immel is a judge of the twelfth judicial circuit.

The docket entry following Judge Immel's disqualification is followed by a request for reassignment of this cause to another judge. Next, the record shows that on January 7, 1974, an order was entered by Judge Richard Mills, a judge of the eighth judicial circuit, setting all pending matters for hearing on February 7, 1974. This is followed by a written order and a notice by the clerk forwarded to all parties of record and an attorney.

On February 7, 1974, the defendant filed a motion for a preliminary and permanent injunction making certain allegations purporting to show that Judge Mills should enjoin himself from participating in this case. The prayer of the motion sought an order of the court, Judge Mills presiding, for a preliminary and permanent injunction enjoining Judge Mills from participating in any litigation involving the defendant. That motion was denied and the notice of appeal initially set forth in this opinion was filed. Thereafter, the defendant refused any further participating; the cause proceeded. Judgment was entered against the defendant in the amount of $140 and costs of suit. So far as this record reveals, there is no notice of appeal from the judgment entered.

■■ The defendant in his pro se brief acknowledges that this is an interlocutory appeal and that the sole issue before the court relates to that interlocutory appeal. He continues, however, by observing that the trial court ignored the notice of interlocutory appeal, held a trial, and then states that this court may wish to consider all issues, and accordingly, in his brief purports to appeal from the denial of the defendant's request for a preliminary and permanent injunction. That issue, and that issue alone, is before us. The defendant is in error in his belief that his filing of a notice of appeal on February 7, 1974, divested the trial court of all jurisdiction in this case. The filing of the notice of appeal vested jurisdiction in the appellate court and the appellate court can consider only questions existing when the notice was filed. We have no jurisdiction to consider subsequent proceedings. (*Butler v. Palm*, 36 Ill.App.2d 351, 184 N.E.2d 633.) Of course, once the jurisdiction of the appellate court attaches by reason of the filing of a notice of appeal, the trial court is without jurisdiction to take any further action insofar as the notice of appeal affects the subject that the trial court might seek to act upon. (*Shapiro v. Shapiro*, 113 Ill.App.2d 374, 252 N.E.2d 93.) The trial court retains jurisdiction, however, to hear and determine matters arising independent of and unrelated to that portion of the proceeding that pends on appeal. (*Shapiro*). Thus, the filing of the notice of appeal vested

jurisdiction in this court of a single issue—whether the trial court erroneously denied the motion for preliminary or permanent injunction. It had no effect whatsoever upon the merits of the case, did not bring those issues before this court, and we have no jurisdiction to consider them.

■■ In this case, the defendant attempts to show an abuse of discretion on the part of the trial court judge by alleging bias and prejudice and asserting that he should have enjoined himself from participating in the case. So far as we have been able to ascertain, this is a novel and collateral effort to circumvent the statutory provisions relating to change of venue found in "An Act * * * in relation to change of venue" (Ill. Rev. Stat. 1973, ch. 146, par. 1 *et seq.*). That statute provides that there may be a change of venue under certain circumstances if a party feels the judge is prejudiced against him. The defendant apparently made use of this section when he filed his blanket motion seeking and receiving the disqualification of all judges in Champaign County. This section limits a party to one change of venue. (*American Car and Foundry Co. v. Hill*, 226 Ill. 227.) Furthermore, the motion for injunction is replete with conclusions and is not verified. In *Phelan v. Wright*, 54 Ill.App.2d 178, 181, 203 N.E.2d 587, it is noted that "'It is indispensable to the right to temporary injunction that all material facts alleged be properly verified by affidavit.' * * *'" The court there concluded that it would be an abuse of discretion to issue a temporary injunction upon unverified allegations.

The action of the circuit court in denying the novel request for injunction was correct and upon this interlocutory appeal, that judgment is affirmed.

Judgment affirmed.

SIMKINS, P. J., and TRAPP, J., concur.