JOHN TARKOWSKI (JOHN TARKO), Plaintiff-Appellant, *v.*
COMMONWEALTH EDISON COMPANY, Defendant-Appellee.

Second District   No. 76-126

Opinion filed April 11, 1977.

John Tarkowski, of Wauconda, for appellant, *pro se.*

Ivan L. Brownstein and Joseph C. Sibley, Jr., both of Chicago, for appellee.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

This appeal involves a claim for damage to a television set, allegedly caused by low voltage. John Tarkowski, plaintiff in small claims court and appellant here, sued Commonwealth Edison Company for negligently reducing its power so that only 90 volts of power were delivered to his residence instead of the average and customary 120 volts, thus overheating his television set and damaging it to the extent of $114. He also claims $100 for loss of use of the set.

The plaintiff appeared in small claims court *pro se* on January 14, 1976. The transcript merely shows that judgment was entered for the Commonwealth Edison Company on that date. On January 21 the plaintiff filed notice of appeal. On February 11 the plaintiff filed a motion to vacate the judgment. On February 26 the trial court denied the motion to vacate the judgment "for lack of jurisdiction" (apparently on the ground that it had been ousted of jurisdiction by the filing of the notice of appeal).[1]

The appellee, Commonwealth Edison Company, did not file an appeal brief.

The bystander's report, as corrected and certified to by the trial court, showed that the plaintiff testified that he was a graduate of the DeVry School of Electronics and that he was familiar with electrical systems because he had practical experience as an electrical contractor and was experienced in matters pertaining to house wiring and distribution systems of electrical power. He testified that on the date of the damage he tested the voltage coming into his house with a voltage meter and found it was only 90 volts, far below safe levels. His theory, as indicated in his testimony, was that the television set's high voltage circuit became overheated in trying to compensate for the low voltage.

The plaintiff proffered copies of repair bills which indicated the cost to repair his set—$114—but these copies were objected to by defendant's counsel as not being the best evidence. This objection was sustained. The plaintiff then asked for a short continuance to go home and get the original bills, but this was denied.

The defendant called two witnesses. The first witness testified he had been employed by Commonwealth Edison Company for several years as a lineman and explained the operation of the line systems of Commonwealth Edison. He stated that the system carrying 2100 volt lines to the plaintiff's area was within three miles of the main distribution system in Wauconda; that it supplies 4,500 customers and the voltage at the substation is monitored with a pilot monitor that records the voltage

---

[1] For a discussion of this point see *City of Chicago v. Myers* (1967), 37 Ill. 2d 470; *Cygnar v. Martin-Trigona* (1975), 26 Ill. App. 3d 291.

as it leaves the station. He testified the recorded voltage did not drop to 90 volts, nor very significantly, at the time in question. He was of the opinion that it was impossible for the voltage to have dropped to 90 volts between the station monitoring point and the plaintiff's residence and it was his theory that the drop in voltage was due to the fact that the plaintiff had insufficient wire size for his service from the pole to the house.

The second witness testified he was an electrical engineer. His job was concerned with operating and repairing electronic equipment. He testified it would not be possible for low voltage to cause the damage sustained to plaintiff's television set and that low voltage will not cause the high voltage transformer of a television set to burn out.

After hearing the witnesses the trial court gave judgment for the defendant. In this appeal, filed *pro se,* the plaintiff contends the court erred (1) in denying the plaintiff's request for court-appointed counsel, (2) in denying plaintiff's motion for a continuance to go home and obtain the original repair bills, (3) in not allowing a continuance for purposes of discovery and (4) in allowing "surprise" witnesses to testify for Commonwealth Edison.

■■ Plaintiff is not, of course, entitled to court-appointed counsel in a small claims action; neither is discovery permitted unless by leave of court. As to the "surprise witnesses" the plaintiff complains of, it appears they were only a surprise in the sense that the plaintiff did not anticipate any opposing witnesses.

■■ As to the denial of a short continuance for the purpose of permitting the plaintiff to return to his home and obtain the original repair bills which were required under the "best evidence" rule, we think some leeway might have been properly allowed in this situation. *Pro se* appearances are common in small claims court, and when a lay person by inadvertence submits a copy when an original can be insisted upon as the "best evidence," we think some opportunity to repair his mistake should be given to the plaintiff where it will not seriously inconvenience the court and the opposing party.

■■ However, having said that, we must also add that we do not believe that the court's ruling materially affected the plaintiff's case in this instance for the reason that the bills—judging from the copies—would not in any way have assisted the plaintiff in establishing that the defendant was responsible for the damage to the television set. They were only useful as a measure of damages—they proved the plaintiff incurred repair costs of $114.13, but proved nothing as to the alleged negligence of the defendant in permitting the voltage to fall too low—which is the gist of the plaintiff's case. Thus, the court's ruling in this regard cannot be regarded as so prejudicial as to merit reversal of the judgment.

■■ It appears, therefore, that there was no prejudicial error committed by the trial court. While the failure to file an appeal brief gives this court discretion in the disposition of an appeal, we are not disposed to reverse *pro forma* in this case for that reason alone. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.

Having found no material error in the record, we affirm the judgment of the circuit court of Lake County.

Judgment affirmed.

SEIDENFELD and GUILD, JJ., concur.