**In re ALTON TELEGRAPH PRINTING COMPANY, INC., Debtor.**

**James GREEN, Plaintiff,**

v.

**ALTON TELEGRAPH PRINTING COMPANY, INC.; Joseph Melosi; and William Lhotka, Defendants.**

**Bankruptcy No. BK–81–50082.**
**Adv. No. 81–0278.**

United States Bankruptcy Court,
S. D. Illinois.

Jan. 22, 1982.

Philip W. Tone, East St. Louis, Ill., and Ronald R. Peterson, Chicago, Ill., for Alton Printing Co.

Rex Carr, East St. Louis, Ill., for James Green.

## ORDER SUPPLEMENTING EARLIER ORDER

JAMES D. TRABUE, Bankruptcy Judge.

At East St. Louis, in said district, this matter having come before the Court pursuant to notice on a motion to supplement order of October 16, 1981, filed on behalf of the Alton Telegraph Printing Company by Ronald R. Peterson, one of its attorneys, an objection to the motion to supplement having been filed by James Green, a creditor of the debtor, by Rex Carr, his attorney, and the Court having requested oral argument where Philip W. Tone appeared on behalf of the debtor and Rex Carr appeared on behalf of James Green, the Court having heard the arguments of counsel, and having read the briefs that were submitted, and otherwise being fully informed in the matter, finds as follows:

1. On or about April 10, 1981, the Alton Telegraph Printing Company filed a voluntary petition for a business reorganization under Chapter 11 of Title 11 of the United States Code.

2. On or about April 21, 1981, the debtor filed an application to remove Civil Action No. 77–L–66, an action that was then pending in the Madison County Circuit Court.

3. Charles D. Williamson, one of the attorneys for the debtor, subsequently filed a copy of the application for removal with the Clerk of the Court in the Circuit Court in Madison County.

4. On or about May 28, 1981, James Green filed a petition for rule to show cause directed at Joseph Melosi because of his failure to appear before the Circuit Court on a citation to discover assets.

5. On or about May 28, 1981, the Circuit Court of Madison County issued a rule to show cause directed against Joseph Melosi for his failure to comply with the citation to discover assets.

6. On or about June 10, 1981, the Alton Telegraph Printing Company filed an application for a temporary restraining order in order to stop James Green from pursuing his action in Circuit Court because the matter had been removed to this Court.

7. On or about June 10, 1981, this Court entered a temporary restraining order directing James Green not to proceed in the Circuit Court of Madison County.

8. On or about October 16, 1981, this Court entered an order stating that the state court proceeding had been removed to this Court and that the restraining order that was issued on June 10, 1981, should remain in effect.

9. All that was removed to this Court were the supplementary proceedings that were pending in the Circuit Court of Madison County.

10. The removal of the supplementary proceedings would not have any effect on the appeal.

The principal issue facing the Court in this case is whether the removal of the proceedings in the Circuit Court of Madison County by the Alton Telegraph had any effect on the appeal of the judgment that

was obtained in the original case. For the reasons that are laid out below, this Court holds that the removal of the proceedings from the Circuit Court did not have any effect on the appeal.

Section 73 of the Illinois Civil Practice Act, Ill.Rev.Stat. c. 110 § 73, states that a judgment creditor is entitled to prosecute supplementary proceedings in order to enable him to collect his judgment. Illinois Supreme Court Rule 277, Ill.Rev.Stat. c. 110A § 277, states the form that these supplementary proceedings are to take. Supreme Court Rule 277(c)(1) points out that the supplementary proceedings are captioned the same way as the cause in which the judgment was issued. Only a supplementary proceeding was pending in the Circuit Court of Madison County when the debtor filed his petition for removal. The removal of supplementary proceedings would not effect the appeal in this case.

Illinois Supreme Court Rule 301, Ill.Rev. Stat. c. 110A § 301, which states that an appeal is merely a continuation of the original proceeding, supports this interpretation. However, the cases interpreting this Rule have consistently held that once the jurisdiction of the Appellate Court attaches, the cause is beyond the jurisdiction of the trial court. *City of Chicago v. Myers*, 37 Ill.2d 470, 227 N.E.2d 760 (1967); *LaDuke v. Morrison*, 30 Ill.App.2d 484, 175 N.E.2d 292 (1961); *Cowdrey v. Northern Trust Co.*, 321 Ill.App. 243, 53 N.E.2d 43 (1944); *Cygnar v. Martin-Trigona*, 26 Ill.App.3d 291, 325 N.E.2d 76 (1975). The fact that the Appellate Court jurisdiction attaches at the time the notice of appeal is filed and the fact that the cause is then beyond the control of the trial court support the proposition that all that was pending in the Circuit Court was the supplementary proceeding. When the debtor filed his application for removal, only the supplementary proceeding was removed. This means that the Circuit Court still retains the judgment from which the supplementary proceeding emanates, and the rest of the case remains on appeal. This supports the appellate process since the Appellate Court can affect the judgment, but not the supplementary proceedings that were removed to this Court.

In this Court's Order of October 16, 1981, it was stated that "the entire case should be removed." This statement was made because James Green contended that the citation to discover assets, the supplementary proceeding, was directed only to Joseph Melosi, a nonparty to the bankruptcy, and not to the debtor. This Court determined that since Joseph Melosi was jointly and severally liable on the underlying judgment with the Alton Telegraph and there was a question as to the extent of insurance coverage, the case was so inter-related with the bankruptcy of the newspaper that an injunction was required. The case the Court was referring to was the citation that was then pending against Joseph Melosi, not the underlying judgment or the appeal.

This Court is aware of the case of *In re Johnson, Inc.*, 11 B.R. 805 (N.D.Ohio, 1981), which held that the Bankruptcy Court had jurisdiction over a case that was removed from the state system when it was on appeal, as well as the cases of *Hurt v. Cypress Bank*, 4 C.B.C.2d 26, 9 B.R. 749, 754 (N.D. Georgia, 1981) and *In re Tidwell*, 2 C.B.C.2d 172, 4 B.R. 100 (N.D.Texas, 1980) which suggested that a Bankruptcy Court could exercise jurisdiction over state court appeals even though it was not appropriate in those cases due to principles of comity. This Court does not feel that is an appropriate interpretation of 28 U.S.C. § 1471. While § 1471 is a broad jurisdictional grant of authority to the Bankruptcy Courts, Congress did not intend to usurp the state court appellate process in favor of review by the Bankruptcy Court. Section 1471 was intended to give the Bankruptcy Court jurisdiction over trial court cases such as the supplementary proceedings that were removed in this case.

The timely resolution of the appeal is important to the ultimate disposition of this case. Because of this fact, this Court is taking the extra step of remanding this case to the Appellate Court in case any reviewing court would determine that this Court had jurisdiction of the appeal. This

remand of the case is not only because, as noted above, this Court feels that § 1471 of Title 28 was not meant to give a Bankruptcy Court jurisdiction over a state court appeal, but also because a state court would be better able to accommodate the appeal, and principles of comity demand that the case be remanded to the state Appellate Court instanter if any reviewing court determines that this Court had the appeal before it.

This Court has consistently stated that the orderly and equitable distribution of the debtor's assets is its prime concern. To the extent that the resolution of the appeal may be necessary to achieve that goal, this Court hopes that by clarifying its earlier order to state that the appeal was never before this Court, or, in the alternative, to remand the case if any reviewing court should determine the appeal was removed, the appeal will proceed in the state court system as expeditiously as possible.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Order of October 16, 1981, be clarified to state explicitly that this Court does not have jurisdiction over the appeal from the judgment of the Circuit Court in Cause No. 77–L–66.

IT IS FURTHER ORDERED that to the extent any reviewing court should determine that this Court has jurisdiction over the appeal, the cause is remanded to the state Appellate Court instanter.