NOTICE
Decision filed 12/18/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 230727

NO. 5-23-0727

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Fayette County. |
| | ) | |
| v. | ) | No. 23-CF-96 |
| | ) | |
| ROBERT V. WILLENBORG, | ) | Honorable |
| | ) | Allan F. Lolie Jr., |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court, with opinion.
Justices Moore and Boie concurred in the judgment and opinion.

**OPINION**

¶ 1     The State appeals the September 21, 2023, order of the circuit court of Fayette County that granted defendant, Robert V. Willenborg, pretrial release with conditions pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today Act (Act).[1] See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Code); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). On appeal, the State argues that the court abused its discretion by finding that certain conditions were sufficient to mitigate the threat

_____

[1]"The Act has also sometimes been referred to in the press as the Pretrial Fairness Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act." *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

1

defendant posed to any person or persons or the community. For the following reasons, we reverse the court's order granting defendant pretrial release and remand the matter to the court for further proceedings.[2]

¶ 2                                    I. BACKGROUND

¶ 3     On March 8, 2023, the State charged defendant by amended information with three counts of criminal sexual assault (720 ILCS 5/11-1.20(a)(4) (West 2022)) and five counts of aggravated criminal sexual abuse (*id.* § 11-1.60(f)). Each count alleged that defendant, who was born on February 1, 1976, and held a position of trust, authority, or supervision,[3] committed various sexual acts with two minor victims, T.M. and S.B., on multiple occasions from August 1, 2022, to January 1, 2023. The State alleged that defendant committed offenses of criminal sexual assault when he committed acts of sexual penetration with T.M., in that defendant placed his penis inside the victim's mouth (counts I and II) and placed his finger in the victim's vagina (count III). The State alleged that defendant committed offenses of aggravated criminal sexual abuse when he committed acts of sexual conduct with T.M., in that defendant knowingly touched the victim's breast (count IV) and vagina (count V) for the purpose of sexual arousal, defendant knowingly placed the victim's hand on his penis (count VI) for the purpose of sexual arousal, and defendant knowingly rubbed his penis on the "butt and back" of the victim (count VII) for the purpose of sexual arousal. The State further alleged that defendant committed the offense of aggravated criminal sexual abuse

---

[2]Pursuant to Illinois Supreme Court Rule 604(h)(5) (eff. Dec. 7, 2023), our decision in this case was due on or before December 12, 2023, absent a finding of good cause for extending the deadline. Based on the high volume of appeals under the Act currently under the court's consideration, as well as the complexity of issues and the lack of precedential authority, we find there to be good cause for extending the deadline.

[3]Defendant worked as a foreman on his father's dairy farm. His job duties required him to supervise several minors who worked on the farm.

when he committed an act of sexual conduct with S.B., in that defendant knowingly paid S.B. to put her breast in an udder cleaner (count VIII) for the purpose of sexual arousal.

¶ 4   Shortly thereafter, a grand jury returned a bill of indictment on all eight counts against defendant. The circuit court issued an arrest warrant for defendant, setting bail at $400,000, with 10% to apply, and ordering that defendant have no contact with anyone under the age of 18. Defendant was unable to post bond and remained in custody. Defendant obtained private counsel, who filed a motion to reduce bond. The court denied the motion, and defendant remained in custody.

¶ 5   On September 18, 2023, the Act became effective. On September 19, 2023, the State filed a verified petition to deny defendant pretrial release pursuant to section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)). On September 20, 2023, defendant filed a motion for hearing "pursuant to 725 ILCS 5/110-7.5(b) to determine appropriate pretrial conditions" for defendant.

¶ 6   On September 21, 2023, the circuit court held a hearing on the State's petition and defendant's motion. A pretrial investigation report was submitted to the court prior to the hearing. According to the report, defendant resided "at 427 E 900 Ave in Vandalia IL with his wife and 2 kids," ages 11 and 17. Defendant reported that he owned and operated "B Willenborg Farms," which had a net worth of $3.7 million. Defendant reported that he only earned $25,000 per year. Defendant took medication for high blood pressure. Defendant scored a "0 out of a possible 14" on a pretrial risk assessment. The report further indicated that defendant had two traffic offenses from 2002 and 2004.

¶ 7   The State argued at the hearing that defendant should be denied pretrial release. In support, the State noted that a grand jury returned a bill of indictment on all eight counts against defendant. The State also asserted that defendant's employment "allowed him to be in a position of trust or

authority when these crimes were committed." The State noted that the alleged crimes were committed on the farm where defendant worked and had a residence. The State represented that one of the named victims objected to defendant's pretrial release because the victim believed defendant would pose a threat to them. In the event the circuit court granted defendant pretrial release, the State requested electronic home confinement. The State requested that defendant "not be given any movement other than that for the purposes of medical and legal." The State further requested that defendant have no contact with any individual under the age of 18 or the named victims and that he forfeit any passports or weapons. In response to an inquiry by the circuit court, the State clarified that the victims were 15 and 17 years old.

¶ 8 The defense argued that defendant was "a zero with regard to any type of release threat," as demonstrated by the pretrial investigation report. The defense asserted that defendant had strong ties to the community and that he was not likely to commit any crimes if released. According to the defense, defendant "needs to be out to help with his medical situation, his employment, and his legal." The defense stated, "Most importantly, his family has a large dairy operation south or southwest of Vandalia here. His father is able and fit, but he needs [defendant] there to help him work." The defense indicated that the victims' attorneys were "working in a civil case, working very hard to put this thing to bed, and then I understand they don't want to prosecute after that." The defense indicated that defendant was willing to submit to any conditions imposed by the circuit court, including electronic monitoring.

¶ 9 The circuit court asked the State if there were any allegations of force or threat of force with regard to the alleged offenses. The State responded that the victims would testify that they did not feel as though they could refuse defendant because he was in a position of trust or authority.

¶ 10 After considering the parties arguments, the circuit court found as follows:

4

"First of all, the Court does find that this is a detainable offense, which is the first hurdle. According to pretrial services the defendant was rated a zero—which, I don't know if I've ever seen that before. The Court's considering the proffers of both and I do find there is strong evidence that based on the State's proffer that these offenses are likely to have occurred. The charges are serious offenses, several of which carry mandatory imprisonment. Defendant has no prior criminal history. The alleged victims were employees who worked at the same dairy operation that the defendant worked for his father, from what I'm gathering.

* * *

Thank you. Although the alleged crimes are serious and if the defendant's convicted of all offenses he clearly will be looking at a lengthy prison term.

The Court cannot find by clear and convincing evidence that the defendant shall be detained pending trial. However, the Court does find by clear and convincing evidence that numerous pretrial conditions are required for the protection of the named parties and based on all of the factors I previously listed."

The court specifically ordered that defendant "be subject to a GPS device and home confinement." The court further ordered that defendant have "no unsupervised contact with anyone under 18 years of age," that defendant have no contact with the alleged victims, and that defendant possess no firearms or dangerous weapons. The court then stated as follows:

"Also, the home confinement will be limited to the area of the home and the worksite. However, if there are any people under 18 years of age who are employed there, the defendant will not work there. The bottom line is, the employer will have to make a choice

5

who he wants working there. Not only no unsupervised contact with anyone under 18, defendant shall not work with anyone under 18 years of age even if there is supervision." The court granted the State's request that defendant have no contact with T.M.'s mother. The court clarified that defendant was also prohibited from having unsupervised contact with his minor children.

¶ 11    The defense indicated that a 17-year-old worked at the milking facility on the farm but that defendant had a separate place to work "which [was] 900 feet away." The circuit court stated, "I will allow that scenario you described." The State expressed concern that defendant's work took place in the early morning hours and that he could freely move about the farm as foreperson. The State indicated that there would be "no way for us to effectuate whether he's having contact with minor children that [were] on the farm because we would have no way of knowing where he's at in relation to where that minor child is located at." The following colloquy then took place between the court and the State:

"THE COURT: Well, let me ask you this. He's married. How are we going to know if his wife leaves him alone?

[STATE'S ATTORNEY]: My understanding, Judge, there is a divorce ongoing, so [defendant] would not be living on the farm. I believe he has a place located off the farm. It would be our request that if there are any minor children that are employed at the farm that he is not allowed on the premises while they are there.

THE COURT: What I'm going to do is order the defendant to not be within 500 feet of any employee, even relative, under 18 years of age.

As far as the home confinement, the defendant shall only be able to leave his place of residence—and we are going to update that here in a moment—for the purpose of work, meeting with his attorney, coming to court, or previously scheduled or emergency medical treatments, and those non-emergency matters need to be also addressed with pretrial services."

¶ 12 The circuit court next asked defendant to provide the address where he would reside. Defendant responded, "940 North—I think it's 940 North, Vandalia. I think that's the address." The court indicated that defendant needed to verify the address with pretrial services prior to his release. The defendant stated, "The address I gave you is a house we just bought, me and my wife, so I'm not going to be living with my wife and kids."

¶ 13 Following the hearing, the circuit court entered a written electronic monitoring order and pretrial release order. The electronic monitoring order listed defendant's address as "940 N." and indicated that defendant could have movement for medical, legal, and work. The electronic monitoring order prohibited defendant from having contact with the victims and any minor under the age of 18. The order clarified that defendant "must be 500 ft from any minor under the age of 18yo." The pretrial release order added that defendant "shall not work w/anyone under the age of 18yo" and the mother of one of the victims. The pretrial release order further added that "defendant must be 500 ft from any minor" under the age of 18 years.

¶ 14 Also, on September 21, 2023, the State filed a notice of appeal pursuant to Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023).[4]

---

[4]The record reveals that the circuit court entered an amended electronic monitoring order and an amended pretrial release order on September 22, 2023—after the State filed its timely notice of appeal. However, this court only has jurisdiction to review "those questions which were present on the record as it existed on the date when the notice of appeal was filed." *City of Chicago v. Scandia Books, Inc.*, 102 Ill. App. 3d 292, 297 (1981); see also *Cygnar v. Martin-Trigona*, 26 Ill. App. 3d 291, 293 (1975) ("The filing

7

¶ 15                                    II. ANALYSIS

¶ 16    On appeal, the State argues that the circuit court abused its discretion by concluding that "the relevant restrictions imposed on [defendant]—electronic monitoring together with the distance limitation of 500 feet—were sufficient to mitigate the threat [defendant] poses to other potential minor victims on the farm."[5] We agree.

¶ 17    As an initial matter, we note that defendant filed a motion for hearing pursuant to section 110-5(e) of the Code (725 ILCS 5/110-5(e) (West 2022)), and the circuit court expressly stated that defendant's motion was before the court at the hearing. Thus, we consider whether the court abused its discretion by granting defendant's motion for release and ordering defendant released with conditions. See *id.* § 110-5(k) ("The State and defendants may appeal court orders imposing conditions of pretrial release.").

¶ 18    We additionally note that the circuit court's written pretrial release order potentially conflicts with the court's oral ruling at the hearing. The written pretrial release order stated that defendant "shall not work w/anyone under the age of 18yo" and T.M.'s mother. The written pretrial release order further stated that defendant "must be 500 ft from any minor under the age of 18yo." At the hearing, the court initially stated that "if there are any people under 18 years of age who are employed there, the defendant will not work there." However, the court later clarified its order, stating that defendant could continue to work on the farm but could "not be within 500 feet of any employee, even relative, under 18 years of age." It is well settled that "[w]hen the oral pronouncement of the court and the written order conflict, the oral pronouncement of the court

of the notice of appeal vested jurisdiction in the appellate court and the appellate court can consider only questions existing when the notice was filed. We have no jurisdiction to consider subsequent proceedings.").

[5]Defendant did not file an appellee's memorandum in this matter.

8

controls." *People v. Roberson*, 401 Ill. App. 3d 758, 774 (2010) (citing *People v. Smith*, 242 Ill. App. 3d 399, 402 (1993)). With this in mind, we consider the State's argument on appeal.

¶ 19    Under the Code, it is presumed that "a defendant is entitled to release on personal recognizance on the condition that the defendant attend all required court proceedings and the defendant does not commit any criminal offense[ ] and complies with all terms of pretrial release." 725 ILCS 5/110-2(a) (West 2022). The burden is on the State "to prove by clear and convincing evidence that any condition of release is necessary." *Id.* § 110-2(b). This court reviews the circuit court's decision to grant pretrial release under an abuse-of-discretion standard. See *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 10-11. We will find an abuse of discretion if the circuit court's determination regarding pretrial release is unreasonable, arbitrary, or fanciful, or if no reasonable person would agree with the court's decision. *Id.* ¶ 10.

¶ 20    Here, we conclude that the circuit court abused its discretion by finding that the conditions imposed on defendant—electronic monitoring and a distance restriction of 500 feet—were sufficient to mitigate the threat defendant posed to any person or persons or the community. We note that the court imposed electronic monitoring as a condition of defendant's pretrial release but permitted defendant to continue working on the farm where he committed the alleged offenses. The State noted at the hearing that defendant would be working at the farm with at least one minor present. To address the State's concern, the court prohibited defendant from working within 500 feet of any minor. We agree with the State that electronic monitoring would do nothing to ensure the safety of any minors present on the farm, given that the electronic monitoring device would not indicate defendant's proximity to the minor. Moreover, there is no way to ensure that defendant would comply with the 500-foot restriction. As the State correctly notes, the conditions the court imposed allow defendant "to continue to work on the farm, as a supervisor (potentially to minor

9

children), with no way to know where [defendant] is in relation to these minor children—exactly the same scenario under which the crimes with which [defendant] is charged occurred in the first place." Essentially, the court placed the enforcement of the conditions in the hands of defendant and his employer. Under these circumstances, we find the conditions imposed by the court unreasonable.

¶ 21 Therefore, we hold that the circuit court abused its discretion by concluding that these conditions were sufficient to mitigate the threat defendant posed to any person or persons or the community. Specifically, we hold that the court abused its discretion by imposing conditions that allowed defendant to return to the same circumstances under which the alleged crimes occurred. Accordingly, we reverse the circuit court's order granting defendant pretrial release and remand the matter to the court for further proceedings. On remand, the court should hold another hearing to determine appropriate conditions for defendant's release, if any, consistent with this opinion.

¶ 22                                    III. CONCLUSION

¶ 23 For the reasons stated, we reverse the circuit court's September 21, 2023, order granting defendant pretrial release and remand the matter to the court for further proceedings consistent with this opinion.

¶ 24 Reversed and remanded.

*People v. Willenborg*, 2023 IL App (5th) 230727

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Fayette County, No. 23-CF-96; the Hon. Allan F. Lolie Jr., Judge, presiding. |
| **Attorneys for Appellant:** | Brenda Mathis, State's Attorney, of Vandalia (Patrick Delfino, and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| **Attorneys for Appellee:** | Monroe McWard, of Taylorville, for appellee. |