NOTICE

Decision filed 01/23/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230859-U

NO. 5-23-0859

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | No. 23-CF-2330 |
| | ) | |
| TREMAYNE D. TAYLOR, | ) | Honorable |
| | ) | A. Ryan Jumper, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE BOIE delivered the judgment of the court.
Justices Moore and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We vacate the circuit court's release order where the circuit court failed to consider and apply the proper statutory criteria in denying the State's petition for pretrial detention.

¶ 2    The State appeals the September 22, 2023, order of the circuit court of Madison County denying the State's petition for pretrial detention and granting the defendant, Tremayne D. Taylor, pretrial release with conditions. Pretrial release is governed by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act),[1] as codified in article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various

_____

[1]"The Act has also sometimes been referred to in the press as the Pretrial Fairness Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act." *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

1

provisions of the Code); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). On appeal, the State argues that the circuit court abused its discretion in denying the State's verified petition; requests the circuit court's September 22, 2023, order be reversed; and that the defendant be detained pending trial. For the following reasons, we vacate the circuit court's order granting the defendant pretrial release and remand the matter for further proceedings in the circuit court.[2]

¶ 3                                            I. BACKGROUND

¶ 4      On September 20, 2023, the defendant was charged by information with one count of the offense of home invasion in violation of section 19-6(a)(2) of the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/19-6(a)(2) (West 2022)), a Class X, nonprobationable felony, in Madison County, Illinois. On the same date, the State filed a verified petition seeking to deny pretrial release pursuant to section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)). The State alleged that the proof was evident and the presumption great that the defendant committed a detainable offense listed in section 110-6.1 (*id.*); that the defendant was charged with a forcible felony as described in section 110-6.1(a)(1.5) (*id.* § 110-6.1(a)(1.5))—namely, home invasion; and that the defendant's pretrial release posed a specific, real, and present threat to the safety of any person or the community. On September 21, 2023, on the defendant's motion, the detention hearing was continued to September 22, 2023. Also on September 21, 2023, a pretrial services criminal history report was filed for the circuit court's consideration.

---

[2]Pursuant to Illinois Supreme Court Rule 604(h)(5) (eff. Dec. 7, 2023), our decision in this case was due on or before December 26, 2023, absent a finding of good cause for extending the deadline. Based on the high volume of appeals under the Act currently under the court's consideration, as well as the complexity of issues and the lack of precedential authority, we find there to be good cause for extending the deadline.

¶ 5    On September 22, 2023, the circuit court held a hearing on the State's petition. The State proceeded by proffer, stating first that the defendant was alleged to have committed home invasion, a detainable offense under the Code. The State proffered that officers with the Collinsville Police Department were dispatched to the address of a home invasion and a violation of an order of protection. Upon arrival, they found the defendant engaged in a physical altercation with Phillip Whitfield, who had injuries to his mouth and was spitting blood from the confrontation. The female resident of the home, Sydney Dear, informed the officers that she and the defendant had been in an on-again-off-again relationship, and that he was the father of her child. Dear had called 911 after the defendant, upon arriving at her home and finding another man in the residence, began kicking the front door, eventually forcing entry by breaking through the front door, and immediately attacked Whitfield, repeatedly punching him.

¶ 6    The State further proffered that the 911 call was recorded, and in the recording, someone can be heard to be banging on the door, and the door can be heard breaking. At that point, the recording revealed that someone said, "something along the lines of who you got in here," at which point the confrontation can be heard in the residence. The State tendered the defendant's criminal history, both by proffer and by offering the pretrial report which included the defendant's criminal history. The State indicated that the defendant's criminal history included a felony for possession with intent to deliver a controlled substance, as well as a domestic battery conviction for which the defendant was on probation at the time of the current offense. The male victim in this case reported that the defendant threatened to kill him during the confrontation and was concerned for his ongoing safety.

¶ 7    The State proffered that in the 2020 aggravated domestic battery, the defendant was at the same address when he kicked open the door and severely beat Sydney Dear, the reporting party in

3

the current case. She was found to have severe injuries to her face, including a broken nose, and received multiple sutures to close her lip.

¶ 8     After the State's proffer, the defendant called Dear to testify. Dear testified that she had known the defendant for five years and that they are the parents of a three-year-old daughter. Dear stated that the defendant had spent the night at the residence the night prior to the incident and had stored belongings at her house, having been previously given a key. Dear testified that she had, however, filed an order of protection against the defendant but had since filed to drop the order of protection. Dear testified that she did not observe Whitfield having any injuries from the altercation on the day of the incident and was not fearful of the defendant. On cross-examination, Dear testified that Whitfield was at her residence to fix the front door, which was already broken. Dear also testified that when she called 911, it was to report that someone who was not permitted entry to her residence was trying to force entry into her residence. She testified that she provided a statement to police, indicating that the defendant forced his way into her residence and immediately punched Whitfield. Dear testified that she had an order of protection entered on April 27, 2023, and moved to dismiss it the day before the present hearing, September 21, 2023. When Dear went to dismiss the previously entered order of protection, she was accompanied by the defendant's mother. Dear testified that she was not, as she sat in the courtroom that day, fearful of the defendant. Dear testified that the reason that she wrote on her request to dismiss the order of protection, protecting her from the defendant, was so that her daughter could see her father. She wrote that the defendant could get angry at times, but that she really thought he was trying to do better with his life and temper. Dear further testified that the defendant's actions on September 19, 2023, were an example of the defendant's anger getting the best of him, and that Whitfield had done nothing to deserve getting punched in the face.

4

¶ 9   After considering the State's proffer, the testimony of Dear, and the parties' arguments, the circuit court stated:

> "Okay. So having heard the evidence presented as proffer, the testimony, having considered all the statutory factors, the Court determines that although the proof might be evident, there is not enough here for probable cause that a crime has been committed, that the State has not met its burden with regards to proving that there is a real and present threat to the safety of either the witness here today or the other witness, Mr. Whitfield."

The circuit court ordered the defendant released subject to the mandatory pretrial release conditions, as well as the condition that, despite the finding that the defendant did not pose a danger to any person or persons, the defendant have no contact with the two victims in the case, to which the defendant did not object.

¶ 10   Also on September 22, 2023, the circuit court issued a written release order finding that the State had failed to prove, by clear and convincing evidence, that the defendant posed a real and present threat to the safety of a specific, identifiable person or persons or the community, and that no condition or combination of conditions could mitigate the real and present threat to the safety of any person or persons or the community, based on the specific and articulable facts of the case. Notably, the circuit court's written order did not indicate that the State had failed to prove that the proof was evident or the presumption great that the defendant committed a qualifying offense listed in section 110-6.1 (*id.* § 110-6.1). The circuit court's written release order imposed the mandatory pretrial release conditions and the additional conditions that the defendant not have contact with the two victims, nor enter the premises of Dear. On October 6, 2023, the State timely appealed, filing a Notice of Pretrial Fairness Act Appeal pursuant to Supreme Court Rule 604(h) (eff. Sept. 18, 2023) and a supporting memorandum on November 13, 2023. The Office of the State Appellate

5

Defender (OSAD) was appointed to represent the defendant but did not file a responsive memorandum.

¶ 11                                      II. ANALYSIS

¶ 12     On appeal, the State argues that (1) the circuit court's finding that the State did not show the proof was evident or presumption great that the defendant committed a qualifying offense was against the manifest weight of the evidence, (2) the circuit court's finding that the State failed to prove by clear and convincing evidence that the defendant posed a threat to any person or the community was against the manifest weight of the evidence, and (3) the circuit court's finding that the State failed to prove by clear and convincing evidence that no condition or combination of conditions could mitigate the real and present threat to the safety of any person, persons, or the community was against the manifest weight of the evidence. Accordingly, the State argues that the circuit court abused its discretion in denying the State's verified petition.

¶ 13     Pretrial release, including any conditions related thereto, is governed by the Act as codified in article 110 of the Code (725 ILCS 5/art. 110 (West 2022)). Under the Code, as amended by the Act, a defendant's pretrial release may only be denied in certain statutorily limited situations. *Id.* § 110-6.1. In Illinois, we presume all defendants are entitled to pretrial release. *Id.* §§ 110-2(a), 110-6.1(e).

¶ 14     Upon filing a timely verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that (1) the defendant committed a qualifying offense, (2) the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and (3) less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. *Id.* § 110-6.1(e), (f). If the circuit court finds that the State proved a valid threat to the safety of any person or the

6

community and/or the defendant's likely willful flight to avoid prosecution, or the defendant's failure to abide by previously issued conditions of pretrial release, the court must determine which pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." *Id.* § 110-5(a). If the circuit court determines that the defendant should be denied pretrial release, the court must make written findings summarizing the reasons for denying pretrial release, including why less restrictive conditions would not avoid a real and present threat to the safety of any person or the community, based on the specific articulable facts of the case, or prevent the defendant's willful flight from prosecution. *Id.* § 110-6.1(h)(1).

¶ 15    Our standard of review of pretrial release determinations is twofold. The circuit court's factual findings will be reviewed under the manifest weight of the evidence standard. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008). The circuit court's ultimate determination regarding pretrial release will not be reversed absent an abuse of discretion. *People v. Swan*, 2023 IL App (5th) 230766, ¶ 11. An abuse of discretion occurs when the decision of the circuit court is arbitrary, fanciful, unreasonable, or when no reasonable person would agree with the position adopted by the circuit court. *Id.*

¶ 16    In support of its contentions, the State first argues that the circuit court's finding regarding the qualifying offense, that "although the proof might be evident, there is not enough here for probable cause that a crime has been committed," was against the manifest weight of the evidence. Based on the uncertainty inherent in the circuit court's oral pronouncement and written order, we find this issue dispositive.

7

¶ 17    The record reveals that the defendant was charged on September 20, 2023, with one count of home invasion, a Class X felony. In order to be eligible for detention under the Code, the State was required to prove, by clear and convincing evidence, that the proof was evident or the presumption great that the defendant committed an offense listed in section 110-6.1(a) (725 ILCS 5/110-6.1(a) (West 2022). Home invasion is specifically listed in section 110-6.1(a)(1.5), which defines a forcible felony, for the purposes of the section, as including the charge of home invasion. *Id.* § 110-6.1(a)(1.5). To prove the offense of home invasion, the State must prove that the defendant knowingly, and without authority, entered the dwelling of Dear, knowing Dear to be present within that dwelling, and intentionally caused injury to Whitfield by striking him about the face and body, causing injury, in violation of section 19-6(a)(2) of the Criminal Code (720 ILCS 5/19-6(a)(2) (West 2022)).

¶ 18    The State contends that the circuit court's statement at the hearing that "although the proof might be evident, there is not enough here for probable cause that a crime has been committed" was confusing. We agree. The circuit court's use of the term "probable cause" was not the appropriate standard to be applied under the Code when considering whether or not a qualifying offense had been committed. See 725 ILCS 5/110-6.1(a), (e) (West 2022) (requiring the State to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense).

¶ 19    Further, the record on appeal reveals that the defendant waived his right to a preliminary hearing on September 22, 2023, the same day the circuit court entered the release order. The purpose of a preliminary hearing is to determine whether the crime charged was committed and, if so, whether probable cause existed to believe that the defendant was the perpetrator. Ill. Const. 1970, art. I, § 7; *People v. Puleo*, 96 Ill. App. 3d 457 (1981). Thus, by the defendant's own

8

admission, there was probable cause to believe that the charged crime was committed, and that the defendant was the perpetrator.

¶ 20    Moreover, a finding of no probable cause, if intentional and not simply a misstatement, should have ended the inquiry with the result that the State had not proven that the defendant committed a qualifying, and thus, detainable offense. However, the circuit court entered a written, form release order, but did not check the box indicating that the State had failed to prove that the defendant committed a qualifying offense, and affirmatively stated that "the proof might be evident." It is well settled that " '[w]hen the oral pronouncement of the court and the written order conflict, the oral pronouncement of the court controls.' " *People v. Willenborg*, 2023 IL App (5th) 230727, ¶ 18 (quoting *People v. Roberson*, 401 Ill. App. 3d 758, 774 (2010)). Here, however, the circuit court affirmatively recited the wrong standard, or a comingling of two different standards, the result of which is indiscernible. The circuit court's failure to check the box on its preprinted release form order, indicating that the State failed to prove a qualifying offense, and then proceeding to make further findings as to dangerousness and appropriate conditions of release, further confuse the ruling.

¶ 21    Although the circuit court is presumed to know the law and apply it properly, when the record affirmatively shows the contrary, that presumption is rebutted. *People v. Kluxdal*, 225 Ill. App. 3d 217, 223 (1991). In the present case, the circuit court's recitation of the wrong burden of proof rebuts the presumption that the circuit court properly applied the law. See, *e.g.*, *People v. Virella*, 256 Ill. App. 3d 635, 638 (1993). Given that the circuit court did not conduct a proper detention analysis, we will not undertake that analysis in the first instance. The appellate court is not well suited to making fact-finding determinations. *People v. Martin*, 2023 IL App (4th) 230826, ¶ 25. In reviewing a pretrial release order, we must rely "on the trial court conducting a full and fair evaluation of the evidence *and showing its work*." (Emphasis added.) *Id.*

9

¶ 22 Accordingly, we remand this cause with directions to hold a new detention hearing applying the proper statutory criteria. Specifically, the circuit court shall make express findings as to whether the State proved by clear and convincing evidence that the proof is evident or the presumption great that (1) the defendant committed a qualifying offense, (2) the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and (3) less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. 725 ILCS 5/110-6.1(e), (f) (West 2022).

¶ 23 Given this disposition, we deem it unnecessary to address the State's remaining points of error. While we note that the Code requires no written requirement for the circuit court's factual findings and credibility assessments where pretrial release is granted, on remand, we emphasize that the basis for the circuit court's findings and determinations is necessary for this court to properly review the same under the deferential standards of review that are applicable to these hearings.

¶ 24                                  III. CONCLUSION

¶ 25 For the reasons stated, we vacate the circuit court's judgment and remand the cause for further proceedings consistent with this order.

¶ 26 Vacated and remanded.