2024 IL App (2d) 240027-U
No. 2-24-0027
Order filed March 18, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of De Kalb County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-628 |
| RICHARD C. MILAM, | ) ) ) | Honorable Judge Marcy L. Buick, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE McLAREN delivered the judgment of the court.
Justices Jorgensen and Mullen concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court's finding that defendant's pretrial release posed a real and present threat to the safety of the community was not based on the specific articulable facts of the case where the trial court improperly relied on the general nature of the charged offense. There were mitigating alternatives to denial of release. Cause remanded for further proceedings.

¶ 2   At issue here is whether a defendant, in possession of child pornography, was a danger to any person, persons, or the community, and whether there were no conditions of release that could mitigate said threat or threats based on the particularized facts of the case.

¶ 3                                    I. BACKGROUND

¶ 4    The State charged defendant with three counts of Child Pornography (Class 2 felonies). Each count alleged defendant was in possession of a digital video file via computer containing children under the age of 18 and sometimes as young as 5 to 7 years of age or younger, engaging in some act of sexual penetration. Said allegations are based upon the execution of a search warrant of Milam's self-admitted computer in his residence. The State alleged in its petition to deny release that defendant "is charged with any offense under Article 11 of the Criminal Code of 2012, except for Sections 11-14, 11-14.1, 11-18, 11-20, 11-30, 11-35, 11-40, and 11-45 of the Criminal Code of 2012, or similar provisions of the Criminal Code of 1961 and the defendant's pretrial release poses a real and present threat to the physical safety of any person or persons or the community."

¶ 5    The State further alleged:

    "Some of the things that a Court would look at to determine if the defendant is dangerous are the nature and circumstances of the crime. Sex offenses are one of those sorts of crimes that would suggest the defendant is dangerous. These are obviously sex offenses under the Illinois statutes.

    The identity of the people who would be threatened are obviously children in this situation. The defendant contributes to the child pornography, the child pornography as a whole so every child in that is threatened.

    The defendant would have—there would be nothing to mitigate the threat posed to the community or children by any condition or combination of conditions that would—that the Court could issue."

¶ 6    On November 17, 2023, the trial court explained its finding that defendant was dangerous and mitigation was not feasible:

"I further find that there are [*sic*] no condition or combination of conditions that would mitigate a real and present threat to the safety of persons in the community. The nature and the circumstances of the offense, I have considered those in making this finding.

Although the defendant does not have any prior criminal history, he is an older man. He is 69 years old. There are no conditions of release the court can set that would prevent the defendant from accessing child pornography, and every alleged victim is an alleged victim *on all the images. That is what the law provides.* (Emphasis added.)

And I am basing my finding specifically to this case on the facts that I have found in the sworn synopsis.

So I am granting the State's verified petition to deny the defendant pretrial release."

¶ 7    On December 18, 2023, retained counsel filed a motion to grant pretrial release seeking reconsideration of the November 17th denial of release. The essence and substance of the motion was that the trial court did not consider the particular facts of the case. Rather, the court considered the general harm caused by violating the criminal statutes. Counsel argued that if that logic were generally applied, then all similarly charged defendants would be subject to denial of release because virtually all children would be possible persons subject to harm. The State countered with the harm to the children and to the community is inherent in the type of offense. Therein lies the rub.

¶ 8                                          II. ANALYSIS

¶ 9    Pretrial release is governed by article 110 of the Code. 725 ILCS 5/110-1 *et seq.* (West 2022). To deny a defendant pretrial release, the trial court must find that the State proved the following by clear and convincing evidence: (1) the proof was evident or the presumption great that defendant committed a detainable offense (*id.* § 110-6.1(e)(1)), (2) defendant's pretrial release

posed a real and present threat to the safety of any person or persons or the community (*id.* § 110-6.1(e)(2)), and (3) no condition or combination of conditions could mitigate the real and present threat to the safety of any person or the community or prevent the defendant's willful flight from prosecution (*id.* § 110-6.1(e)(3)).

¶ 10    We review whether the trial court's findings were against the manifest weight of the evidence. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13; *People v. Vingara*, 2023 IL App (5th) 230698, ¶ 10. A finding is against the manifest weight of the evidence when it is unreasonable. *People v. Sims*, 2022 IL App (2d) 200391, ¶ 72. We review the trial court's ultimate decision regarding pretrial release for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13.

¶ 11    Here, the trial court found and determined that the evidence in the synopsis established the dangerousness of the defendant and there are no conditions which would mitigate the threat(s). The danger the court was referencing was the general threat to children that the act of producing and/or possessing child pornography generates. However, the trial court focused on the incorrect law in concluding to deny release. The trial court considered the criminal statute rather than the PFA. In this case there was no evidence to establish that possessing images of past trespasses upon the privacy of minor victims presents a *real and present* danger to particular children or the community concerning pretrial release.

¶ 12    We have reviewed the entire record and can find no evidence to determine that defendant is a danger to particular individuals or the community at large during pretrial release. Defendant was deemed eligible for release with a zero on a scale from 0 to 14, had no criminal history prior to his 69th year, his computer is presently in police custody, he is working, and he lives at a residence comprising only adults. We determine conditions could reasonably be imposed that

minimize any concerns during pretrial release. *Cf. People v. Erek Drew*, 2024 IL App (2d) 230606-U, ¶ 15 ("Defendant argues that basing dangerousness on a generalized risk of harm departs from the plain text of section 110-6.1of the Code by treating drug offenses as *per se* dangerous and by failing to base the dangerousness determination on the specific articulable facts of his case. As explained herein, we agree with defendant's argument.").

¶ 13 The state failed to sustain its burden of proof with regard to dangerousness and no condition or conditions would mitigate the risks of pretrial release to persons or to the community. The trial court's findings relative thereto are against the manifest weight of the evidence and the resulting judgment is an abuse of discretion.

¶ 14 III. CONCLUSION

¶ 15 For the reasons stated, we reverse the judgment of the circuit court of De Kalb County and remand for further proceedings consistent with this disposition.

¶ 16 Reversed and Remanded.