2024 IL App (1st) 231971-U
No. 1-23-1971B
Order filed March 26, 2024

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | Nos. 23 CR 0449501 & |
| | ) | 23CR0449601 |
| DEVONTA SNODEY | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | Geraldine D'Souza, |
| | | Judge, presiding. |

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice Johnson and Justice C.A. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*: Affirmed, where specific articulable facts alleging years of undetected sex crimes against two children supported the finding that no condition or combination of conditions of pretrial release could mitigate the real and present threat defendant posed to the safety of the complainants and other children.

¶ 2    Specific articulable facts must underlie a pretrial detention order, not general allegations. When ordering Devonta Snodey detained, the trial court followed this dictate under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act. The trial

court did not merely cite the types of offenses, including predatory criminal sexual assault. The trial court specifically focused on the "long-term" nature of Snodey's alleged sex crimes against his minor siblings when ordering his detention as "a real and present threat to [their] safety *** as well as other young individuals who are members of the community." We affirm.

¶ 3                                    Background

¶ 4     The State petitioned to detain Devonta Snodey. He stood accused of 19 counts across separate cases, Cook County nos. 23 CR 0449501 and 23 CR 0449601, for allegedly committing sex offenses against minors with whom he lived beginning in 2014 and ending in 2019. The State sought to deny him pretrial release in both cases.

¶ 5     Before the Pretrial Fairness Act went into effect, the trial court had set monetary bail and other conditions, but Snodey had remained in custody. Snodey, like the State, thus petitioned under the new law but for release. The trial court held a hearing on the parties' filings and granted the State's petitions to detain.

¶ 6                                    Hearing

¶ 7     The State proffered that Snodey was the older brother of the two complainants, with whom he shared a mother. They resided in the same household until he moved away. Their housing situation was unstable. Over a few years, they lived in South Holland, at a hotel in Chicago, at their maternal grandmother's house, and with other relatives.

¶ 8     The State alleged Snodey's misconduct began during this time and became more brazen. He began when the family lived in South Holland. Over the years, he engaged in oral-, vaginal-, and anal sex, despite protest that he stop. The other minor disclosed similar events.

¶ 9    According to the State's proffer, one of the minors disclosed the abuse to their grandmother. That led the grandmother to speak with the other minor, who disclosed still more abuse. The grandmother then shared their outcries with her daughter, their mother and Snodey's. The mother called the police. The minors participated in forensic interviews. They both disclosed Snodey's alleged assaults over the years.

¶ 10    Snodey had no other criminal history. The disclosures had occurred after Snodey moved out of state.

¶ 11    Counsel for Snodey proffered that, though Snodey lived in another state before extradition, he had lived in Illinois his entire life, leaving only for the armed forces. All of his extended family members resided in Illinois. If released, he could stay with his wife at one of her family members' homes. He had a commercial driver's license and would seek employment in Cook County. He was 22 years old and had a baby.

¶ 12    The trial court found that each of the three elements required Snodey's pretrial detention for both cases. First, the proof was evident and the presumption was great that Snodey had committed "ongoing" detainable offenses, predatory criminal sexual assaults, against both minors. Second, though Snodey had done "good deeds" like joining the armed forces, his apparent "propensity" posed a real and present threat to the safety of the complainants "as well as other young individuals who are members of the community[.]" Third, nothing less than pretrial detention would mitigate the real threat Snodey presented, given proffered evidence of his "long-term sexual assaults" against two of the "youngest and weakest individuals in the county."

¶ 13    Snodey filed a timely notice of appeal from the trial court's order under both case numbers. Among other things, he argued that the State had not proved by clear and convincing evidence that

he posed an unmitigable threat to the safety of persons or the community, stressing that there had "been little contact between [him] and the complaining witnesses in several years" and that "electronic home monitoring" could mitigate any threat.

¶ 14                                                      Analysis

¶ 15    Snodey seeks to reverse the trial court's decision, narrowly noting the record contains "no evidence that Snodey's family would help [him] sexually assault the complaining witnesses or that he would otherwise have access to them." More broadly, he concludes, "Home detention, enforced by electronic monitoring, would plainly be sufficient to mitigate any threat he poses the witnesses, or any other children, and the trial court's conclusion to the contrary is against the manifest weight of the evidence." We disagree.

¶ 16    Snodey contends the trial court's finding was against the manifest weight of the evidence. See *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13 (applying bifurcated standard of review). To be against the manifest weight of the evidence, the opposite conclusion of the finding must be clearly evident, or the finding must be unreasonable, arbitrary, or not based on the evidence presented. *People v. Relwani*, 2019 IL 123385, ¶ 18. We review the trial court's ultimate decision regarding pretrial release for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13.

¶ 17    Illinois law now presumes defendants are eligible for pretrial release. 725 ILCS 5/110-2(a) (West 2022); *id.* § 110-6.1(e). The trial court may order a defendant detained before trial only for certain offenses by finding: (i) the proof is evident or the presumption great that the defendant committed the detention-eligible offense, (ii) the defendant poses a real and present threat to the safety of persons or the community based on the specific articulable facts of the case, and (iii) no condition or combination of conditions can mitigate that real and present threat. *Id.* § 110-6.1(e).

¶ 18    On appeal, Snodey attacks the trial court's finding on the third factor but, in contending a combination of conditions short of detention could mitigate any threat, offers this court a gerrymandered reading of the record. In Snodey's view, at most, the record contains evidence of his real and present threat to girls and not to prepubescent children generally. He thus faults the trial court for "[r]epeatedly mentioning the young ages of the complainants." He further narrows the record as providing proof of a real and present threat to the minors specifically. Thus, by stressing "consanguinity," the trial court betrayed an emotional response to "grotesquerie" when a rational analysis of the facts dictated a finding of no real or present threat to other children, "strangers" "outside his own home." More generally, Snodey implies the allegations arose from some distant force governing the family long ago. And he contends that, with him now gone and protective orders in place, the trial court misplaced its emphasis on the past by stressing the "long-term" nature of the alleged sexual assaults.

¶ 19    None of Snodey's contentions withstand scrutiny. As the trial court properly found, the "ongoing" sexual assaults provided evidence of Snodey's current "propensity" or sexual desire for children, not just his alleged victims. The proffered facts showed Snodey had actively engaged in sexual contact with them over many years, despite their inability to consent under the law, despite one minor's express protest that he stop, and despite a cultural taboo against incest. Given the proffers, the trial court's present concern over the real and present threat to other children, including Snodey's son, was neither arbitrary nor unreasonable. *Cf. People v. Milam*, 2024 IL App (2d) 240027-U, ¶ 12 (holding conditions could minimize concerns where (i) pretrial services deemed eligible for release child-pornography defendant with no other criminal history, (ii) his computer in police custody, (iii) he lived at residence with only adults, and (iv) he was working).

Indeed, that these many assaults occurred undetected for so long called out for judicial intervention, particularly when Snodey sought to return to a home of family. See *People v. Willenborg*, 2023 IL App (5th) 230727, ¶ 21 (holding trial court abused its discretion by imposing conditions that allowed defendant to return to same circumstances where sex crimes against minors allegedly occurred).

¶ 20    We emphasize that these allegations are just that—allegations—and not proof beyond a reasonable doubt of a crime. But we reject Snodey's contention, made in the trial court and on appeal, that the allegations do not suffice under the Code to detain him before trial. The trial court properly considered and rejected the claim that conditions short of detention would suffice, given the specific articulable facts of the case. See *People v. Kimberley*, 2024 IL App (1st) 232170-U, ¶ 32 (stressing written detention order should indicate trial court considered alternatives to detention); 725 ILCS 5/110-6.1(h)(1) (West 2022) (requiring same).

¶ 21                                  Conclusion

¶ 22    Specific articulable facts underlay the trial court's finding, which was not against the manifest weight of the evidence. The trial court did not abuse its discretion by ordering Snodey to be detained before trial.

¶ 23    Affirmed.